UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL GRESSEL, et al.,

                Plaintiffs,

        v.

PEMBERTON TOWNSHIP, et al.,

                Defendants.

Civil Action No. 20-15895
(KMW) (MJS)

**MEMORANDUM OPINION**

**WILLIAMS**, District Judge

This matter comes before the Court by way of Defendants' Pemberton Township, Sharon Warren, Robert Warren, Police Officer Jonathan Glass, Police Officer Edward White, Chief of Police David Jantus, David Benedetti, and the Pemberton Township Zoning Office (collectively, "Defendants") motion to dismiss (ECF No. 16) Plaintiffs' Michael Gressel, Rachel Scrofani, and Carl Hreha (collectively, "Plaintiffs") First Amended Complaint (ECF No. 15) ("Amended Complaint"). On January 27, 2022, the Court held oral argument to address the arguments presented in the Motion and the related pleadings. The Court's decisions and accompanying reasoning disposing of the Motion are set forth herein.

**A. Background**

1. This matter appears to be a contentious dispute among neighbors, one of whom happens to be an Animal Control Officer and thus an employee of the local government. Specifically, Plaintiffs

have alleged Defendants Animal Control Officer Sharon Warren, her husband Robert Warren ("Warren Defendants"), as well as certain police officers, the police chief, a zoning officer, Pemberton Township, and Pemberton Township Zoning Office ("Township Defendants") have been harassing them for over ten years.  To this end, Plaintiffs claim that Defendants made a number of complaints about them that resulted in the issuance of citations.  According to Plaintiffs, the issuance of these citations amounted to harassment.  Plaintiffs further allege that Township Defendants failed to appropriately address the harassment.

B. **Defendants' Motion to Dismiss**

2.    "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 663 (citing *Twombly*, 550 U.S. at 556).  A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it

provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

3.   The Amended Complaint itself is rife with labels and conclusions and devoid of actual factual recitations.   As such, Plaintiffs point to Exhibit A attached to the Amended Complaint to bolster their factual allegations.   Exhibit A contains chronological entries of activities that apparently occurred in the "neighborhood" over a ten-year period.   However, neither the Amended Complaint nor Exhibit A identify the manner, means or mode by which Exhibit A was created.   Further, neither the Amended Complaint nor Exhibit A identify which of the more than 500 entries relate to which count of the Amended Complaint.   For this fundamental reason, the Amended Complaint and its attached Exhibit A, fall woefully short of satisfying the standards for pleading as enunciated by the Supreme Court in *Ashcroft v. Iqbal* and *Bell Atlantic Corp. v. Twombly*.

Statute of Limitations

4.   As previously noted, on its face Exhibit A is a chronological log of activity.   The first entry on Exhibit A is dated "5/10/2010", while the final entry is dated "8/31/2020". Defendants argue that each Count of the Amended Complaint should be dismissed on statute of limitations grounds in that none of the factual allegations identify conduct within the requisite time periods of the causes of actions pled.   This Court cannot discern

3

or make the requisite inferences because of the fundamental failure of Plaintiffs to connect the facts alleged to the cause of action pled.  However, given the length of time alleged in Exhibit A and the two-year limitations at issue, it is conceivable that Plaintiffs may point to conduct that has occurred during the limitations period to support the causes of action alleged. Specifically, actions brought pursuant to 42 U.S.C. § 1983 are subject to the statute of limitations applicable to personal injury claims in the state in which the claim arises, without regard for the facts upon which the claim is based or the nature of the injury sustained. *Owens v. Okure,* 488 U.S. 235, 249-250, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989).  Under New Jersey law, a personal injury claim must be brought within two years of the date of accrual.  N.J.S.A. 2A:14-2.  Thus, it follows that the statute of limitations for § 1983 claims in New Jersey is two years.  *O'Connor v. City of Newark,* 440 F.3d 125, 126-27 (3d Cir. 2006); *Cito,* 892 F.2d 23.

  5. "It is axiomatic that under federal law, which governs the accrual of section 1983 claims, 'the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action.'" *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998) (quoting *Genty v. Resolution Trust Corp.,* 937 F.2d 899, 919 (3d Cir. 1991)).

A section 1983 cause of action accrues under federal law when the allegedly wrongful act occurred.  *See Wallace v. Kato,* 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007).  Moreover, "[a]s a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *United States v. Kubrick*, 444 U.S. 111, 120, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)); *Wallace*, 549 U.S. at 388, 127 S. Ct. at 1095, 166 L. Ed. 2d 973 (explaining that accrual for § 1983 claims occurs "'when the plaintiff has a complete and present cause of action,' that is, when 'the plaintiff can file suit and obtain relief'") (citations omitted).

## C. **Analysis**

### a.   Count One: Abuse of Process

6.   The Third Circuit has explained that in New Jersey:

> The gist of this tort is the misuse of process justified in itself for a purpose other than that which it was designed to accomplish, and the essential elements are an ulterior motive and some further act after the issuance of process representing the perversion of the legitimate use of the process.  Bad motives or malicious intent leading to the institution of a civil action are insufficient to support a cause of action for malicious abuse of process.  A showing of some coercive or illegitimate use of the judicial process is necessary to a claim that there has been an abuse of the process.

*Simone v. Golden Nugget Hotel & Casino*, 844 F.2d 1031, 1036–37 (3d Cir. 1988) (citations omitted).

7. Here, Plaintiffs have not sufficiently alleged that there was something improper or illegitimate about the actual process regarding the various citations brought against Plaintiffs with respect to Township Defendants. There is no evidence that these defendants were using the legal process for "a purpose other than that which it was designed to accomplish." *Id.* at 1036 (citations omitted). Given the applicable two-year statute of limitations, the absence of factual claims to underlie this claim occurred within that period, and the conclusory statements pled without factual details to support the specific elements of this claim, Plaintiffs have failed to demonstrate the viability of this cause of action. For these reasons Count One of the Amended Complaint is **dismissed without prejudice.**

> b. Count Two: Abuse of Power

8. Plaintiffs assert a claim for "abuse of power" without invoking any specific statute or case; however, this court has found that "'abuse of power' is not itself 'an independently cognizable claim for § 1983 purposes.'" *Davis v. Yates*, No. CV156943KMJBC, 2020 WL 526129, at *13 (D.N.J. Feb. 3, 2020) (collecting cases). For this paramount reason, Count Two of the Amended Complaint is **dismissed with prejudice.**

> c. Count Three: Malicious Prosecution

9. This court has found that "while the issuance of various traffic summons and citations and resulting court appearances may

be an annoyance, they simply do not result in the deprivation of liberty consistent with the concept of a 'seizure' that is necessary to support a claim for malicious prosecution under § 1983." *Born v. Aberdeen Police Dep't*, No. CIV.A. 13-2963 JAP T, 2014 WL 2451289, at *7 (D.N.J. June 2, 2014). Moreover, The Third Circuit has explained that "prosecution without probable cause is not, in and of itself, a constitutional tort. The type of constitutional injury the Fourth Amendment is intended to redress is the deprivation of liberty accompanying prosecution, not prosecution itself." *DiBella v. Borough of Beachwood,* 407 F.3d 599, 603 (3d Cir. 2005) (quotation omitted). Furthermore, courts have found that attending one's trial or hearing does not constitute a government "seizure" for purposes of a 42 U.S.C. § 1983 malicious prosecution action. *Id.* (finding no significant seizure to support a malicious prosecution charge where the plaintiffs "were only issued a summons; they were never arrested; they never posted bail; they were free to travel; and they did not have to report to Pretrial Services"). Additionally, the Third Circuit has rejected a claim for malicious prosecution when "the only deprivation [of liberty the plaintiff] claims to have suffered is 'legal fees, court costs, and interminable inconvenience,'" finding such deprivations "insufficient to establish that [the plaintiff] was the victim of a malicious prosecution under the

Fourth Amendment. *Mann v. Brenner*, 375 F. App'x 232, 237 (3d Cir. 2010) (citing *DiBella,* 407 F.3d at 603).

10. Here, although the Amended Complaint references "false arrest/false summons" (*Amended Complaint*, ECF No. 15 at ¶ 73), "false and misleading nuisance violations" (*id.* at ¶ 26), "ticket writing and incessant police complaints" (*id.* at ¶ 28), there is no factual allegation that plaintiffs were deprived their liberty as is required to maintain this cause of action. In addition, given the applicable two-year statute of limitations it is unclear if any of the alleged conduct occurred during the requisite time frame. However, given the more than 500 entries presented in Exhibit A, perhaps if placed in the right context, an inference can be made. For these reasons Count Three of the Amended Complaint is **dismissed without prejudice.**

        d.   <u>Count Four: Violation/Deprivation of Plaintiffs'</u>
            <u>Constitutional Rights</u>

11. Plaintiffs allege that:

> Defendants acting under the color of state did knowingly, negligently, wrongfully, unconstitutionally, and unlawfully prosecute, or cause the arrest and prosecute of Plaintiffs in violation of their civil rights guaranteed by the constitutional laws of the United States and in particular in violation of their privileges and immunities under the First, Fourth, Fifth, and Fourteenth Amendments and the equal protection and due process class clause of the Fourteenth Amendment.

*Amended Complaint*, ECF No. 15 at 16. Plaintiffs further assert that Defendants' actions "constituted knowing false arrest,

malicious prosecution and unlawful detention and deprivation of liberty and unreasonable and unlawful search and seizure of property and were well below the reasonable standards of care exercised by a police department and or township in dealing with members of the public." *Id.* Plaintiffs claim that:

> [D]efendants unlawfully and negligently arrested, prosecuted and search the person and/or property of Plaintiffs, thereby depriving [Plaintiffs][1] of the following guaranteed rights and privileges: (a) the right and privilege not to be deprived of life or liberty without due process of law; (b) the right and privilege to eb free from unlawful attacks upon the physical integrity of a person; (c) the right and privilege not to be subject to punishment without due process of law; (d) the right and privilege to be free from arbitrary intrusion of the police; (e) the right and privilege to be free from false arrest; (f) the right and privilege to be free from malicious prosecution; [and] (g) the right and privilege to be free from unlawful search and seizure of person and property."

*Id.* at 17. Finally, Plaintiffs allege that Defendants' actions were "taken in bad faith to intentionally harm Plaintiffs." *Id.*

12. Despite these conclusory statements, Plaintiffs have failed to provide specific information concerning the elements of the various violations of the relevant constitutional rights. Moreover, during oral argument, Plaintiffs did not offer any facts to support the elements of these constitutional claims. For this reason alone, Count Four of the Amended Complaint is dismissed **with prejudice as to Defendant Benedetti** in light of the failure

---

[1] In the Amended Complaint, Plaintiffs incorrectly state that Defendants' conduct deprived "Defendants" of the listed rights and privileges. *Amended Complaint*, ECF No. 15 at 17.

to ascribe any action to Defendant Benedetti and **dismissed without prejudice as to all other Defendants.**

  e. <u>Count Five: Selective Enforcement/Class of One</u>

  13. To recover under a selective enforcement action, a plaintiff must establish that "(1) the person, compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race." *Rose v. City of Allentown*, 211 F. App'x 133, 139 (3d Cir. 2007) (quoting *Zahra v. Town of Southold*, 48 F.3d 674, 683 (2d Cir. 1995). This district has further specified that a plaintiff may recover for a selective enforcement cause of action if it can be demonstrated that the selective treatment was motivated by an intention "to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person." *Kirkland v. Morgievich*, No. 04-1651, 2008 WL 5272028, at *8 (D.N.J. Dec. 16, 2008) (quoting *Zahra,* 48 F.3d at 683).

  14. Relatedly, courts have characterized a "class of one" claim as ultimately an Equal Protection claim. To succeed on an Equal Protection claim under a "class of one" theory, "a plaintiff must establish that: (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown,* 455 F.3d

225, 239 (3d Cir. 2006). The Supreme Court in *Village of Willowbrook v. Olech* explained that claims brought by a "class of one" can be successful "where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." 528 U.S. 562, 564, 120 S. Ct. 1073, 1074, 145 L. Ed. 2d 1060 (2000) (citations omitted). Moreover, the Supreme Court found that the complaint in *Olech* sufficiently stated a claim by alleging the defendant's conduct was "'irrational and wholly arbitrary.'" *Id.* at 565, 120 S. Ct. at 1075.

15. A commonality between a claim for selective enforcement and a class of one claim is that the plaintiff must demonstrate that they were treated differently from others who are "similarly situated." The Third Circuit has concluded that "'[p]ersons are similarly situated under the Equal Protection Clause when they are alike in all relevant aspects.'" *Patterson v. Strippoli*, 639 F. App'x 137, 142 (3d Cir. 2016) (quoting *Startzell v. City of Phila.*, 533 F.3d 183, 203 (3d Cir. 2008)). Moreover, the Court of Appeals in *Patterson* found that the plaintiffs, who brought a claim of selective enforcement concerning the issuance of certain citations, failed to present sufficient evidence that they were treated differently from other similarly situated persons. *Id.* at 142. There, the Third Circuit noted that the plaintiffs did not identify "any other Lindenwold homeowners who violated the debris

11

or noise ordinances but were not visited or cited by the police or code enforcement officers." *Id.*

16. As for this Count, during oral argument Plaintiffs referred to Exhibit A and entries they contend relate to other businesses and neighbors in support of this claim. However, Plaintiffs did not clearly identify which defendant's conduct was at issue nor provide a time frame in which the conduct occurred to satisfy the applicable two-year statute of limitations. As such and for these reasons Count Five of the Amended Complaint is **dismissed without prejudice.**

      f.   <u>Count Six: Intentional Infliction of Emotional Abuse</u>

17. Intentional Infliction of Emotional Distress ("IIED") is a state common law tort. The First Amended Complaint purports to bring claims pursuant to section 1983.[2] Since there is no State Law claim raised, Count Six of the Amended Complaint is **dismissed with prejudice.**

KAREN M. WILLIAMS
United States District Judge

---

[2] The Amended Complaint only alleges jurisdiction under 28 U.S.C. § 1331, invoking 42 U.S.C. §§ 1983, 1998 [sic] and a number of federal constitutional rights. *Amended Complaint*, ECF No. 15 at 4. Accordingly, the Court must presume that all the claims stated within the Amended Complaint are federal in nature. If Plaintiffs' causes of action are, in fact, claims for violations under New Jersey state law, Plaintiffs must plead as such. Moreover, should an amended complaint include New Jersey state law claims, Plaintiffs are expected to include the grounds for subject matter jurisdiction in any amended pleading.